# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHUKWUMA E. AZUBUKO,

      Plaintiff,

vs.                                        Case No.  3:05-cv-726-J-16MMH

JUDGE SUZANNE B. COLON-IN
OFFICIAL AND INDIVIDUAL CAPACITY;

JUDGE GEORGE W. LINDBERG–IN
OFFICIAL AND INDIVIDUAL CAPACITY &

JUDGE WILLIAM D. STIEHL–IN OFFICIAL
AND INDIVIDUAL CAPACITY,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's [Untitled] Complaint (Dkt. No. 1; Complaint) and Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Dkt. No. 2; Motion) both filed on August 1, 2005.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

## I.     Background

On August 1, 2005, Plaintiff, a pro se litigant, filed the Complaint suing the Honorable Suzanne B. Conlon,[2] the Honorable George W. Lindberg and the Honorable William D. Stiehl.  See Complaint at 1.  Plaintiff identifies each of these individuals as a "Judge", but fails to indicate the court over which each presides.  The undersigned takes judicial notice that the Honorable Suzanne B. Conlon is a Senior District Judge for the United States District Court, Northern District of Illinois, the Honorable George W. Lindberg is a United States District Judge, Northern District of Illinois, and the Honorable William D. Stiehl is a Senior District Judge, United States District Court, Southern District of Illinois (collectively referred to herein as the "Defendant Judges").

The majority of Plaintiff's Complaint consists of a rambling list of allegations, legal propositions and citations, and historical references which bear little relation, if any, to the claims Plaintiff seeks to bring.  See Complaint at 1-3.  While the allegations are disjointed and, at times, unintelligible, it appears that Plaintiff is complaining that three lawsuits which he previously filed were wrongly dismissed by the Defendant Judges.  Plaintiff identifies the three cases in the Complaint as "*Azubuko v. Bay State Taxi Incorporation*, No. 03 C 7392," "*Azubuko v. Commissioner of Polity[sic] for the City of Boston*, No. 1:04-cv-00229," and "*Azubuko v. Verizon, Incorporation[sic]* - Southern District of Illinois (Docket No. 04-CV-646-

---

[2]     The Complaint actually identifies Judge Suzanne B. Colon.  However, Plaintiff is apparently referring to the Honorable Suzanne B. Conlon, Senior District Judge, United States District Court, Northern District of Illinois.

WDS)," each of which was filed in a United States District Court in the state of Illinois.[3] See Complaint at 3, 5. Plaintiff alleges that the Defendant Judges improperly dismissed his cases for varying reasons and requests, as relief, that this Court reinstate the Illinois cases, enter automatic judgment in his favor, and award him what appears[4] to be 15.5 million dollars exclusive of costs and interest. In addition, Plaintiff indicates that he is suing the Defendant Judges in their official and individual capacities. However, the Complaint fails to suggest any actions taken by the Defendant Judges other than their dismissal of his three cases. Through very liberal construction and sifting of unintelligible jargon, the essence of the Complaint is that Plaintiff is suing the Defendant Judges for dismissing his cases, and seeks permission to proceed in forma pauperis to do so.

## II.   **Standard of Review**

A plaintiff may be allowed to proceed in forma pauperis if that plaintiff declares in an affidavit that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the court is required to dismiss the suit sua sponte. See id.

---

[3] The correct style and case numbers for those cases are as follows: Azubuko v. Bay State Taxi Inc., Civil Action No. 1:03-cv-07392, filed in the United States District Court, Northern District of Illinois, Azubuko v. Commissioner of Police for the City of Boston, Civil Action No. 1:04-cv-00229, also filed in the United States District Court, Northern District of Illinois, and Azubuko v. Verizon Incorporation, Civil Action No. 3:04-cv-00646, filed in the United States District Court, Southern District of Illinois.

[4] In his Complaint, Plaintiff states that he is seeking "15.5m - interest and cost excluded." Complaint at 6. However, it cannot be determined with certainty whether Plaintiff meant "15.5m" to equal 15.5 million dollars.

### III. Discussion

Despite the fact that the Affidavit (Dkt. No. 2) reveals that Plaintiff likely has insufficient resources to conduct the litigation, Plaintiff should not be permitted to proceed in forma pauperis, and this action should be dismissed because Plaintiff "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(iii). Indeed, 28 U.S.C. § 1915 requires the Court to dismiss a case sua sponte if the Court finds that Plaintiff is seeking monetary relief from an immune defendant. See 28 U.S.C. § 1915 (e)(2).

The application of the doctrine of absolute immunity is strictly a question of law for the Court to determine. See Brown v. Crawford County, Ga., 960 F.2d 1002, 1012 (11th Cir. 1992). "As early as 1872, the Court recognized that it ... [is] 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Stump v Sparkman, 435 U.S. 349, 355 (1978) (second alteration in original) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). Based on this reasoning, the Supreme Court has determined that judges cannot be held liable for their judicial acts even if those acts are corrupt, done with malice or in excess of the judges' jurisdiction. See Stump, 435 U.S. at 356; see also Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985). Indeed, judges are absolutely shielded from civil liability for acts committed while acting within their judicial capacity unless those acts are

determined to be in the "clear absence of all jurisdiction." Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986).[5]

In Stump, the Supreme Court recognized a two-part test to be used in determining whether a judge is absolutely immune from potential civil liability. See Stump, 435 U.S. at 356-62. The reviewing court must ask whether the judge was acting in a judicial capacity while dealing with the plaintiff, and whether the judge acted in the "clear absence of all jurisdiction." Id. at 356-57, 360. Only in circumstances where a judge acted in the "clear absence of all jurisdiction" or dealt with a plaintiff in a non-judicial capacity can the judge face civil liability for actions taken. See id. 356-62.

In determining whether a judge was acting within his or her judicial capacity, the Eleventh Circuit instructs a court to consider several factors, including: whether "(1) the precise act complained of ... is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge

---

[5] Strong public policy arguments support upholding the doctrine of absolute judicial immunity.

> First and foremost, a judge must be free to act upon his own convictions, without apprehension of personal consequences; second, the controversiality and importance of the competing interests in a case before a court make it likely that the losing party may be overly willing to ascribe malevolent motives to the judge; third, judges faced with the prospect of defending damages actions and, perhaps, satisfying money judgments would be driven to wasteful and destructive self-protection devices and, moreover, may be less inclined to administer justice; fourth, alternative remedies such as appeal and impeachment reduce the need for private rights of action against judges; and fifth, the ease of alleging bad faith would make a qualified "good faith" immunity virtually worthless because judges would constantly be forced to defend their motivations in court.

Dykes v. Hosemann, 776 F.2d 942, 949 (11th Cir. 1985).

in his official capacity." Harper v. Merckle, 638 F.2d 848, 858 (5th Cir. Unit B Mar. 1981) (quoting McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972)).[6]  Utilizing this framework, the Court will now consider whether the Defendant Judges would be entitled to immunity from the claims Plaintiff wishes to assert.

Through very liberal construction of the pleading, it is evident that Plaintiff is complaining that each of the three Defendant Judges dismissed a case he filed. See Complaint at 6.  While Plaintiff gives varying reasons for each dismissal and attempts to explain that the Defendant Judges should not be immunized, see Complaint at 2, the actions of the Defendant Judges are well within the definition of judicial acts.  Indeed, a review of the Harper factors when applied to the instant case compels a conclusion that the Defendant Judges were acting in a judicial capacity.

First, the precise act complained of, dismissing cases, is a normal judicial function.[7] Second, the Plaintiff states in his Complaint that he has been wronged by the improper dismissal of his claims.  These dismissals occurred as part of an ongoing judicial proceeding in a United States District Court and Plaintiff fails to suggest or provide any basis for a conclusion that the actions of the Defendant Judges occurred outside of their judicial chambers.  Third, each of the three dismissals about which Plaintiff complains occurred in a case that was assigned to, and heard by, the judge being sued by Plaintiff.  The fourth

---

[6]    This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[7]    The Plaintiff in the instant case claims that the Defendant Judges were acting in their personal or individual capacity and should therefore be considered acting outside their judicial capacity.  However, the factual allegations of the Complaint demonstrate that the grievances the Plaintiff complains of arose out of the actions the Defendant Judges took while presiding over the cases (i.e. dismissing the cases).  These types of actions are exactly what the Supreme Court in Stump held as being immunized from civil liability.  See Stump, 435 U.S. at 355.

Harper factor does not appear to be particularly relevant based on the specific circumstances before this Court.  That factor requires the Court to determine whether the altercation arose out of a visit to the judge acting within his or her official capacity.  See Harper, 638 F.2d at 858.  Plaintiff has not alleged any "visit" to the Defendant Judges or an "altercation" with any of the Defendant Judges.  Instead, he complains about their rulings.  Nonetheless, to the extent that the judges' rulings, unfavorable to Plaintiff, can be construed as a "visit" or "altercation," the judges unquestionably acted in their capacity as sworn judicial officers in entering those rulings.  In consideration of the foregoing, the undersigned concludes that the actions about which Plaintiff complains constitute judicial acts taken by each of the Defendant Judges while acting in a judicial capacity.

The Court also considers the second inquiry identified by the Stump court.  This question, which focuses on whether the judge acted in clear absence of all jurisdiction, has been interpreted to preclude immunity in those circumstances "in which a judge acts purely in a private and non-judicial capacity," Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1979), in a matter "clearly outside the judge's subject matter jurisdiction." Dykes, 776 F.2d at 948.  It cannot be said, even using the most liberal construction, that Plaintiff is alleging that the Defendant Judges acted in a private manner or outside their public judicial position.  Nowhere in his Complaint does Plaintiff remotely allege that the Defendant Judges acted in such a manner or suggest that he has been injured by any action taken by a Defendant Judge other than the dismissal of his prior claims.  Moreover, as United States District Judges, each of these judges had jurisdiction over the claims filed by Plaintiff in his or her Court, and had not only the authority, but also the obligation, to adjudicate those claims.

Consequently, the undersigned concludes that the Defendant Judges were acting within their judicial capacity and had the authority to adjudicate Plaintiff's claims. As the Eleventh Circuit has stated unequivocally, "[a] judge is absolutely immune from suit in performing his judicial responsibilities," Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991), the Defendant Judges should enjoy absolute judicial immunity from all civil liability to Plaintiff.[8]

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees be **DENIED** pursuant to 28 U.S.C. § 1915(e)(2), and that his Untitled Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915 (e)(2)(B)(iii) because it "seeks monetary relief against a defendant who is immune from such relief."

**ENTERED** at Jacksonville, Florida, this 4th day of October, 2005.

*[signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States Magistrate Judge

i3

Copies to:
Counsel of Record
Pro Se Party

---

[8] In addition to civil damages, Plaintiff appears to seek injunctive relief in that he requests that his cases be reinstated and judgment be entered in his favor. See Complaint at 6. However, the Eleventh Circuit has determined that the absolute immunity afforded to federal judges protects them from suits seeking injunctive relief in addition to monetary damages. See Bolin v. Story, 225 F.3d 1234, 1240-41 (11th Cir. 2000). Moreover, any such injunctive relief would be prohibited by the Federal Courts Improvement Act, which provides "that 'injunctive relief shall not be granted' in an action brought against a 'judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" Id. at 1242 (quoting Pub. L. No. 104-317, 110 Stat. 3847 (1996)). Finally, this Court notes that even if injunctive relief were available, it would be unavailable to Plaintiff as he has an adequate remedy of law; i.e. direct appeal of the orders dismissing his claims.